UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRINITY PRODUCTS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:03CV1808HEA |
| | ) |
| BURGESS STEEL, L.L.C., | ) |
| | ) |
| Defendant. | ) |

## OPINION , MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion for Entry of Final Judgment Pursuant to Rule 54(b) and to Stay District Court Proceedings Pending Appeal, [#71]. Plaintiff Trinity Products, Inc. has filed a written response to the motion. For the reasons set forth below, Defendant's motion is denied.

### Facts and Background

In its Order dated April 4, 2005, this Court granted Plaintiff's Motion for Partial Summary Judgment on Count I of Plaintiff's Second Amended Complaint and Plaintiff's Motion for Summary Judgment on Defendant's Counterclaim. Defendant then filed a Motion to Reconsider the Court's Order, which the Court denied on April 29, 2005. Defendant now moves for a Rule 54(b) determination and a stay of the

1

District Court proceedings pending the appeal.

## Discussion

Defendant contends it is entitled to an entry of final judgment against Plaintiff pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, because Defendant's ability to immediately appeal the Court's Order and stay the proceedings would serve to avoid duplicative and piecemeal trials. Defendant also contends an immediate appeal is warranted because a denial of the motion would result in a hardship to both parties and the Court, since the case would then have to be tried.

Rule 54(b) of the Federal Rules of Civil Procedure provides in relevant part as follows:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

FED. R. CIV. P. 54(b).

Defendant argues that the interests of the parties and the Court will be served by entry of final judgment, yet it appears such a determination would be a mere accommodation to Defendant. The Eighth Circuit has cautioned that determination pursuant to Rule 54(b) should not be granted routinely or as an accommodation to

counsel. *Bullock v. Baptist Memorial Hospital,* 817 F.2d 58, 59 n. 2 (8th Cir. 1987) (citing *Burlington Northern R. Co. v. Bair,* 754 F.2d 799, 800 (8th Cir. 1985) (per curiam)). There should be special circumstances to justify a Rule 54(b) determination. *Id.* In addition, "[c]ertification should be granted only if there exists 'some danger of hardship or injustice through delay which would be alleviated by immediate appeal.'" *Bair,* 754 F.2d at 800 (citing *Hayden v. McDonald,* 719 F.2d 266, 268 (8th Cir. 1983)). The policy of all courts is to avoid piecemeal and interlocutory appeals. *Id.*

Here, Defendant does not mention any hardship or special circumstances that would justify a Rule 54(b) determination. Rather, notwithstanding Defendant's vague claims of hardship, Defendant insinuates that the Court should grant the motion, since the Court of Appeals could later grant Defendant's appeal of the Partial Summary Judgment Order, thereby warranting a second trial. Defendant's argument is hardly persuasive, as the potential for appeal post trial is present in nearly every cause of action. The current trial setting is for September 12, 2005, and Defendant has failed to show that it will be prejudiced by substantial hardship or delay. Therefore, Defendant's motion as to a Rule 54(b) determination will be denied and the proceedings will not be stayed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Entry of Final

Judgment Pursuant to Rule 54(b) and to Stay District Court Proceedings Pending Appeal, [#71], is denied.

Dated this 11th day of July, 2005.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE