UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRINITY PRODUCTS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:03CV01808 HEA |
| | ) |
| BURGESS STEEL, LLC, | ) |
| | ) |
| Defendant. | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Renewed Motion for Judgment a Matter of Law or, In the Alternative, Motion for a New Trial [#124] and Plaintiff's Motion for Additur or Alternatively for a New Trial on Damages Relating to Furnishing the Second North Tower [#126]. The parties have responded to each others' motions. For the reasons set forth below, both motions are denied.

### **Facts and Background**

Plaintiff brought this action against Defendant for breach of contract alleging that Defendant failed to pay numerous invoices relating to Defendant's purchase of fabricated support steel from Plaintiff. Plaintiff and Defendant entered into a contract for the sale and purchase of support steel which was to be fabricated by Plaintiff and

1

shipped to Defendant for use in a construction project known as the Green Point Towers project in New York, New York. Defendants allegedly failed to pay for the supplied steel pursuant to the terms of the contract, and Plaintiff sought Defendant's performance on the contract, damages, attorney's fees and costs.

On April 4, 2005, this Court granted partial summary judgment in favor of Plaintiff on Count I of its Second Amended Complaint and held Plaintiff was entitled to the principal sum of $102,958.00. Plaintiffs were also granted summary judgment on Defendant's Counterclaim.

In October, 2005, the case was tried before a jury. Plaintiff abandoned Counts II and III of its Second Amended Complaint, and submitted only Count IV to the jury, which contained Plaintiff's claims in quantum meruit for extra work done for Defendant. On October 28, 2005, the jury returned four out of five of its verdicts (Verdicts A, B, C, & E) in favor of Plaintiff and awarded Plaintiff a total principal sum of $60,660.00 for the extra work performed.

Defendant now moves for judgment as a matter of law, or in the alternative, for a new trial, claiming Plaintiff was not entitled to verdicts under the theory of quantum meruit on any of the claims submitted to the jury. Defendant also argues that the jury's

verdicts were against the weight of the evidence and evidentiary errors which occurred throughout trial.

Likewise, Plaintiff seeks a reexamination of the verdicts and moves for additur, or in the alternative, for a new trial. Plaintiff claims it is entitled to additur since the principal sum of $60,660.00 awarded to it by the jury is not supported by the evidence adduced at trial. Plaintiff seeks an amendment of the judgment to increase the aggregate principal amount to $90,900.00. In the alternative, Plaintiff claims the jury's verdicts were against the weight of the evidence and moves for a new trial on damages only with respect to the reasonable value of work it performed for Defendant.

## Discussion

**A.  Defendant's Motion**

**1. Judgment as a Matter of Law**

Under Rule 50 of the Federal Rules of Civil Procedure, a judgment as a matter of law is proper against a party where that party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for the party on that issue. FED. R. CIV. P. 50(a). The movant may renew its request for judgment as a matter of law within ten days after judgment is entered. FED. R. CIV. P. 50(b). In making this determination, the court must draw all reasonable inferences in favor of the

nonmoving party without making credibility assessments or weighing the evidence. *Brown v. Lester E. Cox Med. Center,* 286 F.3d 1040 (8th Cir. 2002) (*citing Phillips v. Collings,* 256 F.3d 843, 847 (8th Cir. 2001)). Judgment as a matter of law is proper only when there is a complete absence of probative facts to support the conclusion reached so that no reasonable juror could have found for the nonmoving party. *Eich v. Bd. of Regents for Cent. Missouri State Univ.,* 350 F.3d 752 (8th Cir. 2003) (*citing Hathaway v. Runyon,* 132 F.3d 1214, 1220-21 (8th Cir. 1997)). The court must assume as proven all facts that the nonmoving party's evidence tended to show, give that party the benefit of all reasonable inferences, and assume that all conflicts in the evidence were resolved in that party's favor. *Id.*

Defendant argues that Plaintiff's evidence failed to establish a basis for recovery under the theory of quantum meruit. To recover under quantum meruit under Missouri law, a plaintiff must prove that it provided services to the defendant at the request or with the acquiescence of the defendant, that the services had reasonable value, and that the defendant refused to pay the reasonable value of the services. *Johnson Group, Inc. v. Beecham, Inc.,* 952 F.2d 1005, 1007 (8th Cir. 1991) (*citing Berra v. Papin Builders, Inc.,* 706 S.W.2d 70, 73 (Mo. App. 1986)).

At trial, there was a substantial amount evidence in Plaintiff's favor which supported the jury's verdict that Defendant owed Plaintiff in quantum meruit for the extra work done on the North Tower. The evidence adduced by Plaintiff showed that Plaintiff provided 33 additional stub outs for the project (Verdict A, $3,300.00), provided additional transportation by transporting fabricated steel to a new destination designated by Defendant (Verdict B, $8,000.00), provided additional work for a second North Tower (Verdict C, $45,360.00), and provided additional transportation of the original North Tower (Verdict E, $4,000.00). This extra work was not required by the parties' contract, and the amounts awarded by the jury totaled $60.660.00, which did not exceed the original asking amount by Plaintiff in Count IV of its Second Amended Complaint ($102,042.00).

Therefore, the Court finds that the jury verdicts in favor of Plaintiff and against Defendant do not shock the judicial conscience. A review of the record, and in drawing all reasonable inferences and resolving all conflicts in favor of Plaintiff, it was for the jury to determine the issue of whether the work was performed by Plaintiff, Defendant accepted it, and Defendant benefitted therefrom but refused payment. As such, Defendant's motion for judgment as a matter of law will be denied.

**2. New Trial**

In the alternative, Defendant argues it is entitled to a new trial, because the jury's verdicts were against the weight of the evidence adduced and evidentiary errors which occurred at trial. A new trial may be granted pursuant to Rule 59 of the Federal Rules of Civil Procedure if the verdict is against the weight of the evidence and allowing the verdict to stand would result in a miscarriage of justice. *Jones v. Tek Industries, Inc.,* 319 F.3d 355, 358 (8th Cir. 2003) (*citing Lloyd v. American Airlines, Inc.,* 291 F.3d 503, 508-509 (8th Cir. 2002)). A district court, while possessing the discretion to set aside a jury verdict and grant a new trial, may not do so simply because a different verdict could have been reached or because it decides a different result would be more reasonable. *Blake v. J.C. Penney Co., Inc.,* 894 F.2d 274, 281 (8th Cir. 1990) (*citing Fireman's Fund Ins. Co., v. Aalco Wrecking Co.*, 466 F.2d 179, 186-187 (8th Cir. 1972), *cert. denied,* 410 U.S. 930 (1973)). Rather, the court must conclude that the jury reached a seriously erroneous result. *Id.* Where a motion for new trial is based on rulings regarding the admissibility of evidence, the district court will not be reversed absent a showing of clear and prejudicial abuse of discretion. *EFCO Corp, v. Symons Corp.,* 219 F.3d 734, 739 (8th Cir. 2000) (*citing First Sec. Bank v. Union Pac. R.R. Co.,* 152 F.3d 877, 879 (8th Cir. 1998)). The moving party must also show that the

evidentiary ruling was prejudicial to the point of producing a different verdict. *Mems v. city of St. Paul, Dept. of Fire and Safety Svs.,* 327 F.3d 771, 779 (8th Cir. 2003).

Defendant claims the Court should have excluded Plaintiff's witness, Doug Gabriel, because Gabriel was not disclosed as a witness until after the close of discovery. Rule 37(c) of the Federal Rules of Civil Procedure provides as follows:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discover as required by 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial . . . any witness or information not so disclosed.

FED. R. CIV. P. 37(c)(1).

In this case, Plaintiff disclosed Doug Gabriel to Defendant on August 15, 2005 as having relevant knowledge in support of Plaintiff's claims. It wasn't until after the discovery cut-off date that Defendant's witness, Dr. Shaaban, testified in his deposition that the distortion of the North Tower may not have occurred during the welding, which was previously understood by both parties to be the cause of the bowing of the flat plate. Plaintiff thereafter discovered that Gabriel possessed first-hand knowledge of the condition of the base plate prior to the welding process, and Plaintiff promptly disclosed him to Defendant.[1]

---

[1] After the disclosure on August 15, 2005, Defendant never requested to depose Gabriel, and it did not object until October 14, 2005, ten days before trial was set to commence.

7

Pursuant to Rule 37, Plaintiff's disclosure of Doug Gabriel outside the initial discovery cut-off was substantially justified given the information revealed by Dr. Shaaban. Defendant had time to depose Gabriel but chose not to, and it was not prejudicial for this Court to allow Gabriel's testimony at trial. Therefore, Defendant's motion in this regard will be denied.

Defendant next argues the instructions given to the jury were improper and warrant a new trial. Specifically, Defendant claims Instruction Nos. 15, 19, 23, 28, and 33 do not contain an essential element of Plaintiff's quantum meruit claim--that the extra work performed by Plaintiff for Defendant was, in fact, "extra work."

A district court has broad discretion in the formulation of jury instructions, and it is instructional error only if the error affected the substantive rights of the parties. *Tipton v. Mill Creek Gravel, Inc.,* 373 F.3d 913, 922 (8th Cir. 2004) (*citing Gasper v. Wal-Mart Stores, Inc.,* 270 F.3d 1196, 1200 (8th Cir. 2001)). The test is whether the instructions given, taken as a whole and viewed in the light of the evidence and applicable law, fairly and adequately submitted the issues in the case to the jury. *Id.*

Here, the instructions complained of were appropriately prepared and submitted to the jury, as they were modeled after Missouri Approved Instructions 26.05, which

8

is the pattern instruction for quantum meruit. MAI 26.05 Verdict Directing--Quantum Meruit--Goods or Services Furnished states:

> Your verdict must be for plaintiff if you believe:
>
> First, plaintiff furnished (*here describe generally the goods or services*) to defendant, and
>
> Second, defendant accepted such [goods] [services].
>
> *[unless you believe that plaintiff is not entitled to recover by reason of Instruction Number _____ (*here insert number of affirmative defense instruction*)].

MAI 26.05 [1999].

Defendant was allowed to reference its affirmative defense instruction in the instructions, which stated that the jury's verdict must be for Defendant if it believed either (1) the furnished goods/services did not comply with the requirements of the contract and the goods/services were required under the contract, or (2) such goods/services provided by Plaintiff was not "extra work." Thus, the instructions were prepared so that Plaintiff should recover damages under quantum meruit if the jury found the two elements set forth in MAI 26.05, unless the jury found for Defendant on one or both affirmative defenses involving avoidance. The instructions, taken as a whole and viewed in the light of the evidence and applicable law, fairly and adequately

submitted the issues in the case to the jury. Therefore, no instructional error exists. Defendant's motion in this regard will be denied.

Defendant next argues it was error for evidence to be admitted which supported the *Spearin* doctrine, established in *United States v. Spearin,* 248 U.S. 132 (1918), even though the Court eventually dismissed Plaintiff's *Spearin* claim. In *Spearin,* the Supreme Court held that contractor is not liable for the consequences of defects in plan and specifications that are provided by the owner. 248 U.S. at 136. Defendant claims it was never on notice that such a theory of recovery would be utilized until Plaintiff submitted its trial brief, since the doctrine and its tenets were never mentioned in Plaintiff's previous pleadings. Defendant, however, does not point to the specific evidence introduced which was relevant to the *Spearin* doctrine but not relevant to Plaintiff's quantum meruit claims. Also, Plaintiff observes that since Defendant introduced evidence which was converse to the *Spearin* claim, it cannot now be heard to complain about the introduction of any evidence on that claim. *Wilson v. Attaway,* 757 F.2d 1227, 1242 (11th Cir. 1985) (". . . Rule 403 objections are waived if the objecting party later introduces evidence 'of the same or similar import himself.'") (*citing United States v. Truitt,* 440 F.2d 1070, 1071 (5th Cir.), *cert. denied,* 404 U.S. 847 (1971)).

The Court finds that Defendant has made no showing of prejudice with regard to the introduction of *Spearin*-related evidence. The jury had no notion of the legal theories of quantum meruit and the *Spearin* doctrine, so they were in no way confused by the fact that the *Spearin* claim was eventually dismissed by this Court. Therefore, Defendant's motion in this regard will be denied.

Defendant next argues the jury verdict was contrary to this Court's April 4, 2005 Order, wherein Plaintiff was granted partial summary judgment on Count I of its Second Amended Complaint and on Defendant's Counterclaim. As to Count I, this Court concluded Plaintiff was entitled to $102,958.00 for Plaintiff's fabrication and delivery of materials to Defendant.

As to Defendant's Counterclaim, this Court found in favor of Plaintiff, because Defendant did not notify Plaintiff within five days that the goods were incorrect or damaged as required by the contract. Defendant claims the Court's conclusion that "materials shipped by Plaintiff to Defendant did not conform with the express warranty in the contract, which provided that they 'must be fabricated as per Engineered Drawings'" was contrary to the law of the case, necessitating judgment as a matter of law or a new trial. The Court, however, made the above conclusion after drawing a distinction between goods which were "incorrect" and goods found to be "defective."

Had the Court found the goods delivered by Plaintiff to Defendant to be defective, Defendant would have been relieved of its duty to notify Plaintiff of any claim within five days of receipt of the goods. Yet, the Court found in favor of Plaintiff, concluding the materials to be "incorrect" as opposed to "defective" and ruled that Defendant did not make a claim with Plaintiff for the incorrect materials within five days as required.

The jury's verdicts in favor of Plaintiff, however, do not necessitate a new trial. Based on the quantum meruit instruction submitted to the jury, to find in favor of Plaintiff, the jury only had to find that Plaintiff furnished a second North Tower and that Defendant accepted such goods.[2] This finding by the jury is not inapposite of the Court's conclusion that the goods delivered by Plaintiff were "incorrect." Defendant's motion in this regard is therefore denied.

Finally, Defendant argues its proposed exhibits should not have been barred by Rule 408 of the Federal Rules of Evidence and the exclusion of such exhibits was prejudicial and warrants a new trial. This Court disagrees.

---

[2]Curiously, Defendant touts a different position in another filing than it does here. In Plaintiff's Motion to Amend the Summary Judgment Order [#121], Plaintiff claimed the Court's conclusion that the fabricated steel was "incorrect" should be stricken since it was inconsistent with the jury verdicts. In response, Defendant argued that Plaintiff misrepresented the finding of the jury and that the jury's verdicts indicate only that Plaintiff furnished the second North Tower and that it was ultimately accepted by Defendant. Defendant's argument that this Court's conclusion is now contrary to the jury's verdicts is duplicitous and is not well-taken.

Defendant marked as exhibits letters between the parties which included the final amounts Plaintiff claimed to be due, but did not charge for the items Plaintiff claimed to be extra work. Plaintiff argued in support of its motion in limine that the letters were settlement communications inadmissible under Rule 408, or alternatively, their potential for unduly prejudicing the jury because of their compromise content far outweighed any probative value and were admissible under Rule 403. Plaintiff observes that Defendant did not contend otherwise in response to the motion in limine, at trial, or in its post-trial motion and memorandum. It argues the Court should deny Defendant's point for this reason alone.

Rule 408 of the Federal Rules of Evidence governs "Compromise and Offers to Compromise" and states in relevant part as follows:

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible.

FED. R. EVID. 408.

In excluding the evidence, this Court found that Defendant's purpose for seeking to introduce the letters and to address this subject matter was to prejudice the jurors by showing Plaintiff's willingness, for settlement purposes, to accept a back charge for the

13

costs to remove the original North Tower. The Court persists in so ruling, and concludes the letters were evidence of an offer to compromise on the part of Plaintiff. Thus, they were properly excluded under Rule 408.

Most notably, however, is Defendant's failure to properly preserve this point. "One of the most fundamental principles in the law of evidence is that in order to challenge a trial court's exclusion of evidence, an attorney must preserve the issue for appeal by making an offer of proof." *Dupre v. Fru-Con Engineering, Inc.,* 112 F.3d 329, 336 (8th Cir. 1997) (*citing Holst v. Countryside Enters., Inc.,* 14 F.3d 1319, 1323 (8th Cir. 1994) (noting that, even if pretrial motion in limine was intended to exclude certain evidence at trial, without an offer of proof, argument concerning exclusion of the evidence was not preserved for appeal). "Error may not be predicated upon a ruling excluding evidence unless a substantial right of the party is affected and 'the substance of the evidence was made known to the court by offer [of proof] or was apparent from the context within which questions were asked.'" *Holst,* 14 F.3d at 1323(*citing Strong v. Mercantile Trust Co. N.A.,* 816 F.2d 429, 431 (8th Cir. 1987) (in part *quoting* FED. R. EVID. 103(a)(2)), *cert. denied,* 484 U.S. 1030 (1988)). Quite simply, no error based on the law of evidence occurred in this case. Therefore, Defendant's motion in the alternative for new trial will be denied.

B.   **Plaintiff's Motion**

   **1. Additur**

Plaintiff first argues it is entitled to additur as to the principal sum awarded to it by the jury, because the amount awarded was not supported by the evidence adduced at trial. A motion requesting additur is, in effect, a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. FED. R. CIV. P. 59(e). Plaintiff seeks an amendment of the judgment to increase the aggregate principal amount from $60,660.00 to $90,900.00.

The jury awarded $45,360.00 to Plaintiff in Verdict "C" for furnishing and delivering the second North Tower to Defendant. The principal sum awarded is exactly 60% of $75,600.00, the figure recognized to be the value of a new tower. Defendant's own witness, Thomas Parisi, testified at trial that the value of the original North Tower was $75,600.00. Thus, Plaintiff claims the jury's decision to discount the true value of the North Tower is not supported by the evidence. Defendant, on the other hand, argues the value of the North Tower "was heatedly disputed at trial" since there was evidence that Plaintiff removed usable steel from a rejected tower to save time, money and resources in building another tower.

The Eighth Circuit recognizes the general rule that in a case where the amount of damages is in dispute, a grant of additur violates the jury trial rights of the party against whom the addition is granted under the Seventh Amendment. *Novak v. Gramm,* 469 F.2d 430, 432 (8th Cir. 1972) (*citing Dimick v. Schiedt,* 293 U.S. 474 (1935)).

While Plaintiff argues the true value of the North Tower was never in dispute, this Court finds that the amount of damages sought by Plaintiff under quantum meruit was in dispute at trial.[3] Plaintiff claimed at trial that it supplied three towers to Defendant and should be paid for all three. The evidence adduced at trial, however, revealed that Plaintiff did not actually incur the cost of making three towers for Defendant, because it removed usable steel from a rejected tower to save time and resources in building another tower. Because of the costs saved from using steel from the rejected tower, the jury may have determined that Plaintiff was not entitled to the total amount of damages requested for the North Tower and awarded Plaintiff what it believed to be the reasonable value of the goods furnished. Furthermore, Mr. Parisi may have agreed that the cost of the first North Tower amounted to $75.600.00, but the jury may have determined his testimony did not support the valuation of a replacement

---

[3]The amount awarded by the jury, however, is not in dispute, and as such, is a liquidated amount.

tower made from previously used and paid-for materials. *See Riordan v. Corp. of Presiding Bishop of the Church of Jesus Christ,* 416 F.3d 825 (8th Cir. 2005) (*citing Ellison v. Ivaska,* 946 S.W.2d 813, 815 (Mo. App. 1997) ("a jury is free to accept or reject all or a part of a party's evidence on damages)). Therefore, this Court finds the amount of damages as to the North Tower was in dispute at trial, and a grant of additur would violate Defendant's Seventh Amendment jury trial rights. Plaintiff's motion in this regard will be denied.

   2. **New Trial**

Plaintiff argues in the alternative that it is entitled to a new trial on the issue of damages, because the jury's verdicts with respect to the North Tower were against the weight of the evidence. For the reasons set forth, *supra*, the verdicts were not against the weight of the evidence and allowing the verdict to stand does not result in a miscarriage of justice. Plaintiff's motion in this regard will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Renewed Motion for Judgment a Matter of Law or, In the Alternative, Motion for a New Trial [#124] is denied;

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Additur or Alternatively for a New Trial on Damages Relating to Furnishing the Second North Tower [#126] is denied.

Dated this 7th day of April, 2006.

_____
    HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE