UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRINITY PRODUCTS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:03CV01808 HEA |
| | ) |
| BURGESS STEEL, LLC, | ) |
| | ) |
| Defendant. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Trinity Products, Inc.'s Combined Motion to Amend the Summary Judgment Order [#121], Plaintiff's Combined Motion for a Judgment on Defendant's Counterclaim and on Count I of Plaintiff's Second Amended Complaint [#122], Plaintiff's Motion to Amend the Judgment of Count IV of Plaintiff's Second Amended Complaint to Add Prejudgment Interest [#128], and Plaintiff's Motion to Include Prejudgment Interest and Penalty Interest in the Judgment On Count I of Plaintiff's Second Amended Complaint [#130]. Defendant Burgess Steel, LLC has responded to the motions. For the reasons set forth below, Plaintiff's Combined Motion to Amend the Summary Judgment Order is denied, Plaintiff's

Combined Motion for a Judgment on Defendant's Counterclaim and on Count I of Plaintiff's Second Amended Complaint is granted, Plaintiff's Motion to Amend the Judgment of Count IV of Plaintiff's Second Amended Complaint to Add Prejudgment Interest is denied, and Plaintiff's Motion to Include Prejudgment Interest and Penalty Interest in the Judgment On Count I of Plaintiff's Second Amended Complaint is denied.

## **Background**

A jury trial was held in this matter which concluded on October 28, 2005. The jury found in favor of Plaintiff in four out of five verdicts, and Plaintiff was awarded damages totaling $60,660.00. Following the verdicts, Plaintiff filed several motions seeking (1) the amendment of an earlier Court Order which granted Plaintiff summary judgment on Count I of Plaintiff's Second Amended Complaint and Defendant's Counterclaim, (2) judgment on Count I and Defendant's Counterclaim, (3) prejudgment and penalty interest on Count I, and (4) prejudgment interest on Count IV. Some of the issues outlined in the motions overlap, thus, the Court will address the motions according to their pertinent issues.

## **Motion to Amend Summary Judgment Order**

In its motion to amend this Court's Memorandum and Order dated April 4, 2005, Plaintiff argues that the Order should be amended to conform to the jury's findings at trial on October 28, 2005 with regard to the North Tower construction. The Court's April 4, 2005 Order granted summary judgment in favor of Plaintiff as to Count I of its Second Amended Complaint and in favor of Plaintiff on Defendant's Counterclaim. As to Count I, the Court concluded Plaintiff was entitled to $102,958.00 for Plaintiff's fabrication and delivery of materials to Defendant.

Plaintiff alleges that the Order should be amended to "conform to the jury's finding" at trial as to the North Tower. Specifically, Plaintiff asks this Court to strike certain text of the Order wherein the Court stated the following:

> The materials shipped by Plaintiff to Defendant did not conform with the express warranty in the contract, which provided that they "must be fabricated as per Engineered Drawings." As such the materials were incorrect, since they did not conform to the established standard--the engineered drawings.

This Court made the above conclusion after drawing a distinction between goods which were "incorrect" and goods found to be "defective." Had the Court found the goods delivered by Plaintiff to Defendant to be defective, Defendant would have been relieved of its duty to notify Plaintiff of any claim within five days of receipt of the

goods. Yet, this Court found in favor of Plaintiff, concluding the materials to be "incorrect" as opposed to "defective" and ruled that Defendant did not make a claim with Plaintiff for the incorrect materials within five days as required. This Court found in favor of Plaintiff on Defendant's Counterclaim.

Plaintiff now claims the Court should strike this statement, because it does not comport with the jury's findings with regard to the North Tower. The jury's findings as to the North Tower, however, do not necessitate a modification of this Court's Order. Based on Plaintiff's quantum meruit instruction submitted to the jury, to find in favor of Plaintiff, the jury only had to find that Plaintiff furnished a second North Tower and that Defendant accepted such goods. This finding by the jury is not inapposite of the Court's conclusion that the goods delivered by Plaintiff were "incorrect." To accept Plaintiff's present position would be to eliminate the basis for the Court's conclusion that Plaintiff was entitled to summary judgment on Defendant's Counterclaim. Plaintiff's Motion to Amend the Summary Judgment Order is therefore denied.

**Motion for Judgment on Count I & Defendant's Counterclaim**

Plaintiff also moves for a judgment on Defendant's Counterclaim and on Count I of Plaintiff's Second Amended Complaint, issues effectively resolved in the April 4,

2005 Memorandum and Order.  In Count I, Plaintiff alleged it was entitled to $102,958.00 for its fabrication and delivery of materials to Defendant.  The Court found Plaintiff was entitled to the outstanding amount and granted summary judgment in favor of Plaintiff.  The Court also concluded, as discussed, *supra,* that Plaintiff was entitled to summary judgment on Defendant's Counterclaim.  This Court's Order is interlocutory since a partial summary judgment is not a final judgment or order.  *See County of Hennepin v. Aetna Casualty & Surety Co.,* 587 F.2d 945, 946 (8th Cir. 1978).  Therefore, Plaintiff's motion for judgment is granted.  An Amended Judgment shall be entered accordingly.

**Motion to Amend the Judgment on Count IV to Add Prejudgment Interest**
**&**
**Motion to Include Prejudgment Interest and Penalty Interest in the Judgment on Count I of Plaintiff's Second Amended Complaint**

Plaintiff moves for prejudgment interest and penalty interest as to Count I and prejudgment interest as to Count IV of its Second Amended Complaint.  Plaintiff alleges the principal amount determined by this Court on Count I ($102,958.00)[1] and the damage amounts awarded to Plaintiff by the jury on Count IV ($60,660.00) are entitled to statutory liquidated prejudgment interest pursuant to Section 408.020 of the

---

[1] The Court's April 4, 2005 Order granted relief in favor of Plaintiff on Count I of Plaintiff's Second Amended Complaint as to the principal sum of $102,958.00 but left the prejudgment interest for determination following trial.

Missouri Revised Statutes. *See also Dierker Assocs. D.C., P.C. v. Gillis,* 859 S.w.2d 737, 746 (Mo. App. 1993) ("When the amount due is liquidated or readily ascertainable and the prejudgment interest depends merely upon mathematical computation pursuant to § 408.020, it is permissible under Missouri law for the trial court, rather than the jury, to perform the mathematical process of computing the interest."). Section 408.020 provides as follows:

> Creditors shall be allowed to receive interest at the rate of nine percent per annum, when no other rate is agreed upon, for all moneys after they become due and payable, on written contracts, and on accounts after they become due and demand of payment is made; . . .

MO. REV. STAT. § 408.020 (2001).

When interpreting Section 408.020, Missouri courts have concluded that the "'no' found in the phrase of the statute, 'when no other rate is agreed upon,' refers to the lack of an agreement as to interest, not an agreement to pay no or zero interest. Giving the phrase, 'when no other rate is agreed upon,' in § 408.020 its plain and ordinary meaning, we interpret it to mean that where the parties . . . have agreed upon interest at any rate, including the rate of zero, they are bound by their agreement and an award of interest at the statutory rate is not implicated." *Manfield v. Auditorium Bar & Grill, Inc.,* 965 S.W.2d 262, 269-70 (Mo. App. 1998).

The Court finds principal amount of $102,958.00 on Count I and the damage amounts of $60,660.00 awarded to Plaintiff by the jury on Count IV to be liquidated and readily ascertainable. Defendant, however, argues that Plaintiff is not entitled to prejudgment interest on either amount pursuant to the parties' agreement that interest not accrue. *See Structure & Design, Unlimited, Inc. v. Contemporary Concepts Bldg. & Design, Inc.,* 151 S.W.3d 904, 909 (Mo. App. 2004) ("Prejudgment interest is not a matter of right but must be based upon either a statute or a contract, either express or implied.") (*citing McKinney v. State Farm Mutual Ins.,* 123 S.W.3d 242, 246 (Mo. App. 2003)).

The contract between the parties originally provided for a "monthly late payment charge equal to 1.5% per month (18% per year), on all amounts past due and owing to Seller will be charged to Purchaser." In negotiating the contract, however, this sentence, including the entire paragraph in which it was contained, was crossed out. It was handwritten underneath the paragraph and partially in the margin "As per L/C (Letter of Credit)" and initialed, to indicate the parties would forgo any charge for late payment. *See Century 21-Andrews Realty, Inc. v. Adams,* 691 S.W.2d 511, 512 (Mo. App. 1985) ("The rule is well established that where the printed portions of a contract conflict with handwritten provisions or interlineations, the latter prevail."). Thus,

7

Defendant argues the parties agreed to remove the interest provision in the Contract, and such interlineation is evidence of the parties agreement that no interest would apply.

Defendant also claims Plaintiffs should be foreclosed from requesting interest since the Court has denied such requests in the past.[2] Plaintiff points out that in the instructions conference held on October 28, 2005, it was expressly agreed by the parties that this Court should determine Plaintiff's claim for prejudgment interest after the conclusion of the jury trial.[3] Plaintiff notes that Defendant's present position in the face of the parties' agreement on the record is "unsavory." While Defendant's position may be disagreeable to Plaintiff, Plaintiff fails to explain how the parties' conscious effort to strike the portion of the contract regarding interest is resurrected through counsel's argument in the instruction conference that the claim is now viable.

The Court cannot ignore the parties' contract and the controlling Missouri law on this issue. "Prejudgment interest is not a matter of right but must be based upon either a statute or a contract, either express or implied." *Structure & Design,* 151 S.W.3d at

---

[2] Plaintiff's request for prejudgment interest was denied in this Court's Order dated September 30, 2005 and again on October 17, 2005 in an Order on a motion to reconsider its earlier ruling.

[3] The agreement that this Court should determine Plaintiff's claim for prejudgment interest following trial also left open the determination of whether Plaintiff is *entitled* to prejudgment interest.

909. Missouri courts have held that an award of interest is based on the party's right to recover interest pursuant to the contract. *Classic Kitchens & Interiors v. Johnson,* 110 S.W.3d 412, 416-17 (Mo. App. 1989). In *Classic Kitchens,* a kitchen cabinet contractor brought suit against a husband and wife for materials and services provided under an installation contract, asserting an action on an open account[4] and claiming breach of contract. *Id.* at 412. At trial, the court allowed plaintiff interest at a rate of 18% per annum on the judgment rendered against defendants. Defendants argued on appeal that the because the provision for 18% interest was part of the contract, and Plaintiff's action was an action on an account, the interest should be limited to the "legal rate of 9% per annum." *Id.* at 417. The Missouri Appeals Court held that the contract defendants entered into with plaintiff provides that payments due shall bear interest at the rate of 18% per annum, which was based on plaintiff's right to recover interest pursuant to the contract. A party's vested rights pursuant to a contract are not diminished by the fact that damages are awarded on the basis of an action on account rather than on a breach of contract claim. *Id.* (*citing Summers v. Fikes,* 839 S.W.2d 663, 664 (Mo. App. 1992)).

---

[4]An action on an open account and an action in quantum meruit are equivalent actions. *Classic Kitchens,* 110 S.W.3d at 416 n. 2 (*citing Raysik v. Standiford,* 944 S.W.2d 288, 292 (Mo. App. 1997)).

In this case, the contract between the parties originally provided interest for late payments in the amount of 18% per year, but the provision was crossed out and initialed to indicate the parties would forgo any charge for late payment. Thus, in removing the interest provision, the parties agreed that no interest would apply. Since an award of interest, if any, is based on the party's right to recover interest pursuant to the contract, Plaintiff is not entitled to prejudgment interest. For the same reasons set forth, the Court need not address Plaintiff's claim for penalty interest. Therefore, Plaintiffs motions for prejudgment and penalty interest as to Count I and prejudgment interest as to Count IV of its Second Amended Complaint are denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Combined Motion to Amend the Summary Judgment Order [#121] is denied;

**IT IS FURTHER ORDERED** that Plaintiff's Combined Motion for a Judgment on Defendant's Counterclaim and on Count I of Plaintiff's Second Amended Complaint [#122] is granted;

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend the Judgment of Count IV of Plaintiff's Second Amended Complaint to Add Prejudgment Interest [#128] is denied;

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Include Prejudgment Interest and Penalty Interest in the Judgment On Count I of Plaintiff's Second Amended Complaint [#130] is denied.

Dated this 7th day of April, 2006

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE