UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRINITY PRODUCTS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:03CV01808 HEA |
| | ) |
| BURGESS STEEL, LLC, | ) |
| | ) |
| Defendant. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Combined Motion for Attorneys' Fees on Count I of Plaintiff's Second Amended Complaint [#132]. Defendant has responded to the motion. For the reasons set forth below, Plaintiff's motion is denied at this time. Plaintiff will be granted leave to amend.

**Facts and Background**

Plaintiff brought this action against Defendant for breach of contract alleging that Defendant failed to pay numerous invoices relating to Defendant's purchase of fabricated support steel from Plaintiff. Plaintiff and Defendant entered into a contract for the sale and purchase of support steel which was to be fabricated by Plaintiff and shipped to Defendant for use in a construction project known as the Green Point

1

Towers project in New York, New York. Defendants allegedly failed to pay for the supplied steel pursuant to the terms of the contract, and Plaintiff sought Defendant's performance on the contract, damages, attorney's fees and costs.

On April 4, 2005, this Court granted partial summary judgment in favor of Plaintiff on Count I of its Second Amended Complaint and held Plaintiff was entitled to the principal sum of $102,958.00. Plaintiffs were also granted summary judgment on Defendant's Counterclaim.

In October, 2005, the case was tried before a jury. The jury returned four out of five of its verdicts (Verdicts A, B, C, & E) in favor of Plaintiff and awarded Plaintiff a total principal sum of $60,660.00 for the extra work performed.

Plaintiff moves for attorneys' fees incurred in prosecuting Count I of its Second Amended Complaint. Plaintiff alleges it is entitled to attorneys' fees pursuant to the contract between the parties.

## Discussion

Plaintiff moves for an order requiring Defendant to pay the attorneys' fees Plaintiff claims it incurred in the preparation and prosecution of Count I of its Second Amended Complaint. As stated, on April 4, 2005, this Court granted summary judgment in favor of Plaintiff on Count I, and the Court concluded that Defendant owed

Plaintiff the principal sum of $102,958.00 under the contract as modified by the three change orders.

Plaintiff now claims it is entitled to attorneys' fees in the amount of $224,115.09, which has been itemized as $110,725.26 for fees and expenses charged by Greensfelder, Hemker, & Gale, P.C. (attorneys in St. Louis, Missouri), plus $115,889.83 for fees and expenses charged by Cohen, Tauber, Spievack & Wagner, LLP (attorneys in New York, New York), less $2,500.00 for a credit due.

Under the "American Rule" of attorney's fees, as set forth by the United States Supreme Court in *Alyeska Pipeline Serv. Co. v. Wilderness Society,* 421 U.S. 240 (1975), each litigant is responsible for bearing the expense of its own attorney's fees in the absence statutory authority or contractual agreement. *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Structural Systems Technology, Inc.,* 764 F. Supp. 145, 147 (E.D. Mo. 1991). Plaintiff alleges its entitlement to attorneys' fees stems from the contractual agreement between the parties.

The relevant portion of the parties' contract provides as follows:

> 10. In the event Purchaser fails to make payment of Seller's invoices when due and the same is turned over to an attorney, attorneys, [sic] collection agency for collection, Purchaser agrees to pay for all of Seller's

fees and costs incurred in collection [sic] said amount due, including attorneys' fees.[1]

March 5, 2003 Contract for Sale of Goods, ¶ 10.

Defendant did not pay Plaintiff the amount owed for the supplied steel pursuant to the contract as modified by the three change-orders, and Plaintiff turned over the unpaid invoices and unpaid change-order invoices to its attorneys for collection. In ruling on Plaintiff's motion for partial summary judgment, this Court determined in its April 4, 2005 Order that $102,958.00 was due on Count I of its Second Amended Complaint. Thus, Plaintiff is entitled to attorneys' fees as they relate to the prosecution of Count I, pursuant to the terms of the contract.[2]

Defendant, however, argues that Plaintiff's attorneys' fees as documented in its motion and supporting exhibits also include attorneys' fees incurred in the prosecution of the mechanic's lien case currently pending in the State of New York ($115,889.83 for fees and expenses charged by New York attorneys Cohen, Tauber, Spievack & Wagner, LLP). Defendant notes that after suit was filed to foreclose on the lien, the

---

[1] It is assumed that the word "or" was intended to be placed between "attorneys," and "collection agency" and that the word "collection" in the second to last line of this paragraph was intended to be "collecting." These are minor grammatical errors, which do not affect the clear intent of the provision.

[2] Because Plaintiff is entitled to attorneys' fees pursuant to the contract between the parties, the Court need not address Plaintiff's secondary argument for attorneys' fees under Section 431.180 of the Missouri Revised Statutes.

4

New York state court stayed the suit pending the conclusion of this case. Defendant claims that Plaintiff's efforts to prosecute the mechanic's lien case prior to it being stayed had no bearing on the results sought or achieved in this cause of action. This Court agrees. Plaintiff's avenue for claiming attorney's fees in the mechanic's lien case is in the state in which the action was filed. While the attorneys' fees provision of the contract provides for collection of such fees as they relate to unpaid invoices, Plaintiff may not recover fees incurred in the litigation of a separate case pending in a separate state. Plaintiff has provided no authority in support of its position on this issue, thus, its motion for attorneys' fees charged by New York attorneys Cohen, Tauber, Spievack & Wagner, LLP will be denied. Plaintiff will be granted leave to amend its motion accordingly.

Defendant next argues the invoices for the $110,725.26 in fees and expenses charged by St. Louis attorneys Greensfelder, Hemker, & Gale, P.C. are over-reaching and without basis. Defendant claims that Plaintiff has submitted time entries/bills from the beginning of this litigation up to and including September 8, 2005, in an attempt to require Defendant to pay for attorneys' fees that do not relate solely to Count I but relate to the preparation of the entire case. Plaintiff replies by asserting none of the requested fees relate to entries after May 31, 2005.

It appears the billing invoices submitted by Plaintiff do not contain time entries/bills after May 31, 2005, however, the Court finds that Plaintiff is not entitled to attorneys' fees which do not relate to the prosecution of Count I nor those incurred beyond April 4, 2005, the date on which this Court handed down its Order and Memorandum regarding Count I. After April 4, 2005, it cannot be said that reasonable attorneys' fees were incurred for work relating to Plaintiff's summary judgment motion and the resulting Order (except for, perhaps, work relating to motions for reconsideration of the Order and/or the Rule 54(b) determination). As such, Plaintiff's motion for attorneys' fees in this regard will be denied. Plaintiff will be granted leave to amend accordingly.

In addition, Plaintiff's counsel, Michael Wilson, averred in his Affidavit in support of Plaintiff's Bill of Costs that certain costs listed in the Bill of Costs were also included in Plaintiff's Motion for Attorneys' Fees on Count I of Plaintiff's Second Amended Complaint. Therefore, Plaintiff's forthcoming amended motion for attorneys' fees should reflect a reduction for the costs awarded Plaintiff under its Bill of Costs.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Combined Motion for Attorneys' Fees on Count I of Plaintiff's Second Amended Complaint [#132] is denied at this time;

**IT IS FURTHER ORDERED** that Plaintiff is granted leave up to and including April 24, 2006 to amend its Combined Motion for Attorneys' Fees on Count I of Plaintiff's Second Amended Complaint;

Dated this 10th day of April, 2006.

_____
    HENRY EDWARD AUTREY
    UNITED STATES DISTRICT JUDGE