UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TRINITY PRODUCTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.  4:03CV01808 HEA |
| | ) | |
| BURGESS STEEL, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Bill of Costs [#135].  Defendant has responded in opposition, and the matter has been fully briefed.  For the reasons set forth below, Plaintiff's Bill of Costs is granted in part and denied in part.

## Facts and Background

Plaintiff brought this action against Defendant for breach of contract alleging that Defendant failed to pay numerous invoices relating to Defendant's purchase of fabricated support steel from Plaintiff.  Plaintiff and Defendant entered into a contract for the sale and purchase of support steel which was to be fabricated by Plaintiff and shipped to Defendant for use in a construction project known as the Green Point Towers project in New York, New York.  Defendants allegedly failed to pay for the

supplied steel pursuant to the terms of the contract, and Plaintiff sought Defendant's performance on the contract, damages, attorney's fees and costs.

On April 4, 2005, this Court granted partial summary judgment in favor of Plaintiff on Count I of its Second Amended Complaint and held Plaintiff was entitled to the principal sum of $102,958.00. Plaintiffs were also granted summary judgment on Defendant's Counterclaim.

In October, 2005, the case was tried before a jury. The jury returned four out of five of its verdicts (Verdicts A, B, C, & E) in favor of Plaintiff and awarded Plaintiff a total principal sum of $60,660.00 for the extra work performed.

Plaintiff now claims it is entitled to all costs and expenses reasonably incurred in the litigation of this cause of action which are provided for in 28 U.S.C. §§ 1821 and 1920.

## Discussion

Plaintiff, as the prevailing party at trial, seeks reimbursement for the amount of costs it incurred pursuant to Rule 54(d) of the Federal Rules of Civil Procedure. Plaintiff claims it is entitled to $83.00 for fees paid to the Clerk of Court, $3,210.47 in court reporter fees, and $1,270.05 in fees for copies made, for a total of $4,563.52.

Defendant claims Plaintiff is not entitled to all copying costs requested, since photocopying costs are only recoverable in certain circumstances, i.e., where necessary for discovery and trial presentation, but not for convenience, preparation, research or records of counsel. Defendant specifically claims the fees incurred for copying pleadings in the mechanics lien case between the parties (which remains pending in the State of New York) were unreasonable. Defendant also alleges the cost of the trial transcript was not necessary, but was merely a convenience for Plaintiff's counsel and is not recoverable under § 1920.

Section 1920 of Title 28 provides in relevant part:

A judge or clerk of any court of the United States may tax as costs the following:
(1) Fees of the clerk and marshal;
**(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;**
(3) Fees and disbursements for printing and witnesses;
**(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;**
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920 (emphasis added).

In its calculations of the total reasonable costs incurred by Plaintiff, Defendant requests the Court only award Plaintiff $2539.87. This amount reflects a reduction of

3

the cost for the trial transcript, $753.60,[1] and the cost for **all** of Plaintiff's copying fees,

$1,270.05 ($4563.52 minus $753.60 minus $1,270.05 = $2,539.87).  The Court,

however, does not find **all** of Plaintiff's copying fees to be unreasonable--only those

incurred for copying pleadings in the New York case.[2]  Fees for "copies of New York

pleadings" have been itemized as $20.53, and this amount will not be allowed.

Defendant also argues the cost incurred for the trial transcript was not necessary,

but was merely a convenience for Plaintiff's counsel and is not recoverable.  This Court

agrees, because this expense was incurred following trial and was not necessarily

incurred in the litigation of the case.  The actual amount of the fee for the trial transcript

was $743.60, and this amount will not be allowed.

The Court finds that most of the expenses documented in Plaintiff's Bill of Costs

are reasonable and were necessarily incurred in the litigation of this case.[3]  Therefore,

Plaintiff will be allowed all expenses, less the copy fees for the New York pleadings

---

[1]Defendant is mistaken in listing the trial transcript cost as "$753.60."  The transcript invoice reflects that the actual cost of the trial transcript was $743.60.

[2]The Court has considered the Supplemental Affidavit of Plaintiff's Counsel, Michael Wilson, wherein payments made to photocopy vendors for copy services were more specifically described.

[3]The Court acknowledges Plaintiff's averment that in the event it is awarded its costs as set forth in the Bill of Costs, certain costs (as listed in the Affidavit of Plaintiff's counsel, Michael Wilson) are also included in Plaintiff's Motion for Attorneys' Fees on Count I of Plaintiff's Second Amended Complaint.  Therefore, these listed costs will not be considered when the motion for attorneys' fees is addressed by the Court.

($20.53), and the fee for the trial transcript ($743.60).  Thus, the total amount of costs recoverable by Plaintiff in this case is $3,799.39 ($4,563.52 minus $20.53 minus $743.60 = $3,799.39).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Bill of Costs, [#135] is granted in part and denied in part; costs shall be taxed against Defendant in the amount of THREE THOUSAND SEVEN HUNDRED NINETY-NINE DOLLARS AND THIRTY-NINE CENTS ($3,799.39);

Dated this 10th day of April, 2006.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE