UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRINITY PRODUCTS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:03CV01808 HEA |
| ) | |
| BURGESS STEEL, LLC, ) | |
| ) | |
| Defendant. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Trinity Products, Inc.'s Combined Motion for Post-Judgment Interest [#158]. For the reasons set forth below, Plaintiff's motion is granted in part and denied in part.

**Background**

On April 4, 2005, the Court granted summary judgment in favor of Plaintiff as to Count I of its Second Amended Complaint and in favor of Plaintiff on Defendant's Counterclaim. As to Count I, the Court concluded Plaintiff was entitled to $102,958.00 for Plaintiff's fabrication and delivery of materials to Defendant. In addition, a jury trial was held in this matter which concluded on October 28, 2005. The jury found in

favor of Plaintiff in four out of five verdicts, and Plaintiff was awarded damages totaling $60,660.00.

In an Order dated April 7, 2006, this Court indicated it would enter an Amended Judgment effectively combining the partial summary judgment in the amount of $102,958.00 entered on April 4, 2005 and the judgment in the sum of $60,660 awarded by the jury on October 28, 2005. Plaintiff now moves for an Amended Judgment which also reflects that Plaintiff is entitled to post-judgment interest on both the $60,660.00 and the $102,958.00 amounts pursuant to 28 U.S.C. § 1961(a).

Section 1961(a) provides in relevant part as follows:

> Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment. . . .

28 U.S.C. § 1961(a).

Defendant concedes that post-judgment interest has accrued on the $60,660 (awarded by the jury) since October 28, 2005 as a result of the Judgment entered on that day. Defendant denies, however, that interest has accrued on $102,958.00 since April 4, 2005, the day this Court granted Plaintiff's partial summary judgment motion on Count I of its Second Amended Complaint. As Plaintiff itself has recognized, a

2

grant of summary judgment is interlocutory in nature and does not amount to a judgment for purposes of Rule 58. On April 7, 2006, this Court granted Plaintiff's motion for a judgment on Count I and indicated an amended judgment shall be entered. The Court, however, has not made such an entry of judgment, as it was awaiting Plaintiff's amended motion for attorneys' fees, the ruling on which is also to be included in the Amended Judgment. Thus, until this Court makes an entry of judgment on Count I, no post-judgment interest accrues under 28 U.S.C. § 1961(a).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Combined Motion for Post-Judgment Interest [#158], is granted in part and denied in part; Plaintiff is entitled to post-judgment interest on $60,660.00 since October 28, 2005 as a result of the Judgment entered on that day; Plaintiff's motion is denied in all other respects.

Dated this 9th day of May, 2006.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT COURT